ROBERT JORDAN *vs.* CITY CLERK OF NORTHAMPTON & others. June 15, 1982. The plaintiff brought an action in the Superior Court seeking an injunctive order which would require the defendant city clerk to transmit a referendum petition to the registrar of voters for certification of the number of registered voters who had signed the petition drafted pursuant to G. L. c. 43, § 42, and the Northampton city charter, §§ 40A through 40H. The case was submitted on a statement of stipulated facts, the judge found for the defendants, and we affirm the judgment.

On June 19, 1980, the city council resolved that the city would incur debt for the purpose of acquiring land for a State-sponsored skating rink. While this legislative action could have been made the subject of a referendum petition (see *Moore* v. *School Comm. of Newton,* 375 Mass. 443, 447 [1978]; 8A McQuillin, Municipal Corporations § 25.246 [3d rev. ed. 1969]), no such challenge was initiated. In November, 1980, the city filed an application for a special permit for the "removal of scrub deciduous trees and brush, grading and construction of parking lot, skating rink building, and related site facilities" on the acquired land. Under the Northampton zoning ordinance, § 5.2, § 10.10, and § 11.6, the city council is the special permit granting authority for this particular type of regulated use. G. L. c. 40A, § 7. On January 19, 1981, the council voted to grant the permit. It is this vote which the plaintiff sought to make the subject of a referendum petition.

We need not resolve what little doubt may exist as to whether G. L. c. 43, § 42, is restricted to legislative acts, *Moore* v. *School Comm. of Newton,* 375 Mass. at 446-447, in order to conclude that the vote of the council granting the special permit is not subject to a referendum petition. Had the zoning ordinance designated the zoning board of appeals rather than the city council as the special permit granting authority, the granting of the special permit could not be subject to a referendum petition. That the authority to grant or withhold such a permit was instead vested in the city council when acting as the special permit granting authority does not change the subject matter of the vote, nor does it create a remedy in addition to that provided by the Legislature in G. L. c. 40A, § 17.

*Judgment affirmed.*

*Thomas A. Miranda* for the plaintiff.
*Maureen Ryan-Wise,* City Solicitor, for the defendants.